IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PLANTS WHOLESALE, LLC,           §
                                 §
            Plaintiff,           §
                                 §
VS.                              §    Civil Action No. 3:25-CV-3219-D
                                 §
MASSACHUSETTS BAY                §
INSURANCE COMPANY,               §
                                 §
            Defendant.           §

MEMORANDUM OPINION
AND ORDER

Defendant Massachusetts Bay Insurance Company ("Massachusetts Bay") moves to consolidate this lawsuit, Civil Action No. 3:25-CV-3219-D, with Civil Action No. 3:25-CV-0565-D. For the reasons that follow, the court denies the motion.[1]

I

On October 20, 2025 plaintiff Plants Wholesale LLC ("Plants Wholesale") filed this action in Texas state court against Massachusetts Bay, asserting claims for breach of contract and violation of the Texas Insurance Code. On November 21, 2025 Massachusetts Bay removed the case to this court, where it was docketed as Civil Action No. 3:25-CV-3219-K.[2]

---

[1]Massachusetts Bay filed duplicate motions to consolidate: one before and one after this case was reassigned to the undersigned's docket. Because the motions are identical, the court has statistically terminated the first motion by electronic order and is deciding the second motion in this memorandum opinion and order.

[2]The suffic letter "K" was changed to "D" when the case was reassigned to the undersigned judge.

Massachusetts Bay now seeks to consolidate this case with Plants Wholesale's earlier-filed suit against Massachusetts Bay.  The earlier case, which was originally filed in Texas state court on January 28, 2025, was removed to this court on March 6, 2025 and docketed as Civil Action No. 3:25-CV-0565-D.[3]  Plants Wholesale opposes the motion, which the court is deciding on the briefs, without oral argument.

II

Fed. R. Civ. P. 42(a) permits a district court to consolidate "actions before the court involv[ing] a common question of law or fact."  Rule 42(a).  Consolidation is proper when it will avoid unnecessary costs or delay without prejudicing the rights of the parties.  *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989).  "A trial court has broad discretion in determining whether to consolidate a case pending before it."  *Id.* at 762 (quoting *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir.1985)).  "Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial."  *Id.*

The court denies Massachusetts Bay's motion to consolidate.  Although both cases involve the same parties, similar insurance policies, and some overlapping factual questions regarding the calculation of Plants Wholesale's lost business income, each concerns different

---

[3]On March 19, 2026 the court directed Plants Wholesale to explain whether it had intentionally filed duplicate copies of the amended petition.  Plants Wholesale clarified in response that this was unintentional, and moved to withdraw the amended petition incorrectly filed in Civil Action No. 3:25-CV-0565-D.  On March 30, 2026 the court granted Plants Wholesale's unopposed motion to withdraw.  Accordingly, the operative complaint in Civil Action No. 3:25-CV-0565-D is Plants Wholesale's original state court petition.

winter storms that occurred nearly one year apart.  Factual differences between how the two storms impacted Plants Wholesale's property may, for example, determine whether Massachusetts Bay is liable at all and require different expert testimony in each case. Moreover, the cases are at different stages of preparation.  In this case, discovery does not close until September 2026, and the trial is set for the two-week docket of April 5, 2027.  In the earlier-filed case, discovery is complete, and the trial is currently set for the two week docket of May 18, 2026, fewer than two months from now.  Under these circumstances, it is not clear that consolidation would reduce the time and cost of trying the cases separately. *See Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, 2023 WL 5613185, at *2 (E.D. Tex. Aug. 29, 2023) (denying motion to consolidate because the suits were at different stages of discovery and plaintiff "should not have to delay in bringing its case to trial"); *Gore v. Trans Union LLC*, 2023 WL 12039747, at *2 (N.D. Tex. Oct. 13, 2023) (Ramirez, J.) (denying motion to consolidate where both cases involved "common parties and issues" but were at "different stages").[4]  Additionally, the risk of inconsistent judgments resulting from separate trials is minimal because the cases are assigned to the same district judge. *See Gore*, 2023 WL 12039747, at *2 (concluding the same).

---

[4]Nor does Massachusetts Bay's contention that, were the cases to be consolidated, the court could modify the scheduling order in both cases account for the delay that would result in the earlier filed case. *See Baez v. Yourway Express, LLC*, 2017 WL 8811739, at *1 (W.D. Tex. Dec. 5, 2017) (explaining that consolidation "could lead to unnecessary costs and delay, especially given that [defendant] requests a new scheduling order").

\*     \*     \*

For the reasons explained, the court denies Massachusetts Bay's motion to consolidate.

**SO ORDERED**.

March 30, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

-4-